**Yeheskel DATTNER, Plaintiff–Appellant,**

v.

**CONAGRA FOODS, INC., Conagra International, Inc., and Donald Da Parma, Defendants–Appellees.**

No. 03–7534.

United States Court of Appeals, Second Circuit.

Feb. 25, 2004.

Ron Soffer, Hastings on Hudson, NY, for Plaintiff–Appellant.

Frank H. Wohl, LankLer Siffert & Wohl LLP, New York, N.Y. (Ethan G. Zlotchew, on the brief), for Defendants–Appellees.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Yeheskel Dattner ("Dattner") appeals the April 7, 2003 judgment of the United States District Court for the Southern District of New York (Casey, *J.*) to grant a motion to dismiss by Defendants–Appellees ConAgra Foods, Inc., ConAgra International, Inc. (together

"ConAgra"), and Donald Da Parma ("Da Parma") under the doctrine of *forum non conveniens*. Dattner had claimed at least $150 million in damages for malicious prosecution, abuse of process, intentional infliction of emotional distress, and false imprisonment under New York law. Dattner argues that the dismissal was an abuse of discretion by the district court.

Dattner's claims arose from his arrest and imprisonment in France for a criminal fraud that he allegedly perpetrated while working as a business consultant to ConAgra in the Netherlands and France. Dattner was acquitted of all charges by a French trial court and a French appeals court. Dattner asserts that his criminal prosecution was wrongfully initiated and encouraged by ConAgra, including ConAgra personnel in the United States.

This case was brought in district court under its diversity jurisdiction. ConAgra is a Delaware corporation with its principal place of business in Nebraska and with substantial business operations in New York. Da Parma is a New York resident. Dattner is an Israeli citizen who, in his initial complaint, listed a service address in Israel. Dattner claims he received a temporary H–1B visa in February 2002 to work as a business consultant for a New York company, "Crystal USA Corporation" and resides in Edgewater, New Jersey. After unsuccessful attempts were made to contact or locate Crystal USA Corporation, it was learned that the company had suspended its American operations and that the only person still acting as its agent in the United States was Dattner. At the time of the district court's decision, Dattner had filed tax returns in Israel but not in the United States.

"[O]ur limited review" of *forum non conveniens* determinations only "encompasses the right to determine whether the district court reached an erroneous conclu-

sion on either the facts or the law, or relied on an incorrect rule of law in reaching its determination." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir.2001) (in banc) (internal quotation marks and citations omitted).

The district court was skeptical of Dattner's claim of U.S. residency but made no explicit finding that Dattner's residency was motivated by forum-shopping. It therefore "start[ed] with a presumption in favor of the plaintiff's choice of forum, especially if the defendant resides in the chosen forum." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 46 (2d Cir.1996). Absent a finding of forum-shopping by Dattner, this threshold analysis by the district court was correct. *Cf. Iragorri*, 274 F.3d at 72 n. 3 ("If a plaintiff has adopted a U.S. residence for the purpose of having his suit tried in a U.S. court ... deference [to his choice of forum] would not apply.")

Continuing its *forum non conveniens* analysis, the district court ruled (i) that Dattner had an "adequate alternative forum" in France for his claims because ConAgra and Da Parma had consented to French jurisdiction, and (ii) that the factors outlined by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), militated against exercise of its jurisdiction. *See Peregrine Myanmar Ltd.*, 89 F.3d at 46. We see no abuse of discretion in either ruling.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. We emphasize that the district court's order was conditioned on the defendants consenting to jurisdiction on any claims brought by Dattner in France that arises from the same facts.