**Yeheskel DATTNER, Plaintiff–Appellant,**

v.

**CONAGRA FOODS, INC., Conagra International, Inc., Donald Da Parma, Defendants–Appellees.**

**Docket No. 05–5568–CV.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 23, 2006.

Decided: July 27, 2006.

Yeheskel Dattner, pro se, New York City, NY.

Frank H. Wohl, (Matthew G. Coogan, on the brief) Lankler Siffert & Wohl, New York, NY, for Defendants–Appellees.

Before LEVAL, KATZMANN, and RAGGI, Circuit Judges.

PER CURIAM.

In December 2001, plaintiff Yeheskel Dattner sued defendants Conagra Foods, Inc., Conagra International, Inc., and Donald DaParma for malicious prosecution, abuse of process, intentional infliction of emotional distress, and false imprisonment, all stemming from a French criminal prosecution in which Dattner was acquitted. On April 2, 2003, the district court granted defendants' motion to dismiss Dattner's complaint on the ground of *fo-*

*rum non conveniens. See Dattner v. Conagra Foods, Inc.,* 2003 WL 1740448 (S.D.N.Y. Apr.2, 2003). This court summarily affirmed the district court's dismissal on February 25, 2004. *See Dattner v. Conagra Foods, Inc.,* 91 Fed.Appx. 179 (2d Cir.2004). On April 23, 2004, defendants moved for costs pursuant to Federal Rule of Civil Procedure 54(d) and Southern District of New York Local Rule 54.1. By order entered August 17, 2005, the district court granted defendants' motion, ordering Dattner to pay defendants $3,060.75 in deposition-transcription costs and $9,022.48 in translation fees. Dattner, appearing *pro se,* now appeals this judgment. Because we conclude that defendants' success in securing a *forum non conveniens* transfer does not render them a "prevailing party" under Rule 54(d), we vacate the cost award and remand the case to the district court for further proceedings consistent with this opinion.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Rule 54.1(a) of the Local Rules for the Southern District of New York provides that "[w]ithin thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal ... any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation." Local Rule 54.1(c) further provides that, "[u]nless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was ... used by the court in ruling on

a motion for summary judgment or other dispositive substantive motion." [1]

The decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 "rests within the sound discretion of the district court," *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995), and such decisions will be reviewed by this court only for abuse of discretion, *see Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir.2001). Nevertheless, we review questions of law, including the interpretation of the relevant rules, *de novo. See id.; cf. Mr. L. v. Sloan,* 449 F.3d 405, 406 (2d Cir.2006) (noting that, although we review district court's decision to grant or deny attorney's fees for abuse of discretion, we review district court's interpretation of fee-shifting statute *de novo* ). Whether a litigant is a "prevailing party" within the meaning of Rule 54(d) constitutes a question of law warranting *de novo* review. *See Preservation Coalition of Erie County v. Fed. Transit Admin.,* 356 F.3d 444, 450–51 (2d Cir.2004) (reviewing *de novo* whether litigant was "prevailing party" for purposes of awarding attorney's fees).

In his appellate brief and at oral argument, Dattner did not specifically challenge defendants' prevailing party status. Instead, he argued that a *forum non conveniens* dismissal is not a "final judgment" within the meaning of Local Rule 54.1 so as to permit an award of costs. Alternatively, Dattner argued that if costs were properly awarded in his case, the amount imposed was "neither fair, nor reasonable" because the district court did not use, or need to use, all of the documents for which defendants sought costs. *See* Appellant's Br. at 1.

---

**1.** Because local rules must be consistent with the Federal Rules of Civil Procedure, Local Rule 54.1 must be read in accordance with Rule 54(d). *See* 28 U.S.C. § 2071(a); Fed.

R.Civ.P. 83 (providing that district court may adopt local rules not inconsistent with Federal Rules of Civil Procedure).

■ After oral argument, this court, *sua sponte*, questioned whether, in any event, a defendant who successfully obtains a *forum non conveniens* dismissal qualifies as a "prevailing party" within the meaning of Rule 54(d), and we requested supplemental briefing from defendants on the issue.[2] *See* Mar. 2, 2006 Order. Upon review of defendants' submission, we conclude that a defendant who successfully obtains a *forum non conveniens* dismissal is not a "prevailing party" within the meaning of Rule 54(d).

In the context of fee-shifting statutes, the Supreme Court has held that, for a party to be "prevailing," there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *see Roberson v. Giuliani*, 346 F.3d 75, 79–80 (2d Cir.2003); *see also J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 123 (2d Cir.2002) (noting that, although *Buckhannon* concerned fee-shifting provisions of Americans with Disabilities Act of 1990, 42 U.S.C. § 12205, and Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), standards used to interpret term "prevailing party" under any given fee-shifting statute are generally the same). Defendants submit that *Buckhannon's* interpretation of "prevailing party" does not here apply because (1) this case concerns costs, not attorney's fees; and (2) *Buckhannon's* rule does not logically apply to dismissals obtained by defendants. *See* Defendants–Appellees' Letter Br., Mar. 23, 2006, at 3–4. Neither argument is persuasive.

■ A number of our sister circuits have ruled, and we agree, that, in general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs. *See Tunison v. Continental Airlines Corp., Inc.*, 162 F.3d 1187, 1189–90 (D.C.Cir.1998) (noting that meaning of "prevailing party" is generally same in either context—attorney's fees or costs); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1180 n. 1 (Fed.Cir.1996) (same); *see also Farrar v. Hobby*, 506 U.S. 103, 119–20, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (O'Connor, J., concurring) (suggesting that prevailing party standards for 42 U.S.C. § 1988 and Rule 54(d) are synonymous). *Buckhannon* supports this conclusion. Although *Buckhannon* acknowledged the historical distinction between "costs" and "attorney's fees," *see Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. at 606 n. 8, 121 S.Ct. 1835 ("[B]y the long established practice and universally recognized rule of common law . . . the prevailing party is entitled to recover a judgment for costs . . . but the rule has long been that attorney's fees are not ordinarily recoverable." (internal quotation marks omitted)), the Court did not suggest—and there is no reason to conclude—that the distinction affects the meaning of the separate term "prevailing party," *see id.* (discussing *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884), a case which involved costs, and noting that, although plaintiffs in that case were awarded costs, "[i]n no ordinary sense of the word can the plaintiffs have been said to be the prevailing party here—they lost and their opponents won on the only litigated issue—so the Court's use of the term must be regarded as a figurative rather than a literal one");

---

**2.** Despite Dattner's failure to raise this particular argument on appeal, we may consider the issue "because it presents a pure issue of law . . . and because failure to reach [this] claim would work a manifest injustice." *Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 136 (2d Cir.2005) (internal citations omitted).

*see also id.* at 622, 121 S.Ct. 1835 (Scalia, J., concurring) (noting that "normal meaning of 'prevailing party' in litigation" requires "an enforceable 'alteration of the legal relationship of the parties' "). Indeed, several courts have applied *Buckhannon's* "prevailing party" analysis to Rule 54(d) motions for costs. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835–36 (6th Cir.2005); *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003).

To the extent defendants contend that *Buckhannon's* holding does not apply to dismissals obtained by defendants, that argument is now foreclosed by this court's recent discussion in *Mr. L. v. Sloan.* In that case, this court ruled that *Buckhannon's* holding "that a prevailing party under federal fee-shifting statutes is one who has achieved a judicially sanctioned change in the legal relationship among the parties," applies in "prevailing defendant" cases. 449 F.3d at 405–06 (internal quotation marks omitted).

Having determined that *Buckhannon's* interpretation of "prevailing party" applies in this case, we next consider whether a dismissal on the ground of *forum non conveniens* constitutes a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. at 604–05 (providing, by way of example, two types of judicial action that may convey prevailing party status: judgment on the merits and settlement agreements enforced by court-ordered consent decree). We conclude that it does not.

As this court has already ruled, a *forum non conveniens* dismissal is a non-merits based decision akin to dismissal for lack of personal jurisdiction. *See Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 498 (2d Cir.2002) (noting that *forum non conveniens* " 'is as

merits-free as a finding of no jurisdiction' " (quoting *In re Minister Papandreou*, 139 F.3d 247, 255–56 (D.C.Cir.1998), *superseded by statute on other grounds* )). This conclusion is supported by the Supreme Court's decision in *American Dredging Co. v. Miller*, 510 U.S. 443, 454 n. 4, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (noting that *"forum non conveniens* is not a substantive right of the parties, but a procedural rule of the forum"), as well as the holdings of a number of our sister circuits, *see Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 359 (3d Cir. 2006) (holding that *"forum non conveniens* is a non-merits ground for dismissal"); *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 294 (1st Cir.2005) (discussing defendants' "non-merits-based defenses . . . (including insufficiency of process, forum non conveniens, and lack of in personam jurisdiction)"); *In re Minister Papandreou*, 139 F.3d at 255–56 [D.C.Cir.].

To the extent the Fifth Circuit concludes otherwise, *see Dominguez–Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 654 (5th Cir.2005) (holding that *forum non conveniens* cannot be characterized "as a 'non-merits' issue" because in deciding issue district court "becomes entangled in the merits of the underlying dispute" (internal quotation marks omitted)), we are not convinced by its minority view, largely for the reasons detailed by the Third Circuit in *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d at 359–61. The Fifth Circuit based its conclusion on two cases: *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988), and *Partrederiet Treasure Saga v. Joy Mfg. Co.*, 804 F.2d 308 (5th Cir.1986). *See Dominguez–Cota v. Cooper Tire & Rubber Co.*, 396 F.3d at 653. These cases hold that *forum non conveniens* rulings do not fall within the collateral-order doctrine (one element of which requires that the order be completely separate from the

merits) because, "in assessing a *forum non conveniens* motion, the district court generally becomes entangled in the merits of the underlying dispute." *Van Cauwenberghe v. Biard,* 486 U.S. at 528, 108 S.Ct. 1945; *see Partrederiet Treasure Saga v. Joy Mfg. Co.,* 804 F.2d at 309–10. But as the Third Circuit has observed, outside the collateral-order context, both the Supreme Court and the Fifth Circuit have concluded that *forum non conveniens* dismissals are not merits rulings. *See Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.,* 436 F.3d at 359–60 (citing *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 148, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) (discussing Anti–Injunction Act and holding that "District Court did not resolve the merits of [petitioner's] claim.... Rather, the only issue decided by the District Court was that petitioner's claims should be dismissed under the federal *forum non conveniens* doctrine") and *Vasquez v. Bridgestone/Firestone, Inc.,* 325 F.3d 665, 677 (5th Cir.2003) (holding that, in context of Anti–Injunction Act, an "f.n.c. [*forum non conveniens* ] dismissal ... does not resolve the substantive merits")); *see also Lacey v. Cessna Aircraft Co.,* 932 F.2d 170, 181 (3d Cir.1991) (discussing *Biard* and noting that, when assessing *forum non conveniens* motion, district court's entanglement with merits is minimal).

■ A dismissal on the ground of *forum non conveniens* does not, after all, immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims; it merely provides that another forum "would be the most convenient and best serve the ends of justice." *Iragorri v. Int'l Elevator, Inc.,* 243 F.3d 678, 680 (2d Cir.2001) (internal citations omitted). Thus, because Dattner is free to pursue his claims against the defendants in France, and because it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered "prevailing" under Rule 54(d). *See Sequa Corp. v. Cooper,* 245 F.3d 1036, 1038 (8th Cir.2001) (*per curiam* ) (upholding cost award but disagreeing with district court's conclusion that defendants were prevailing parties under Rule 54(d) where plaintiff voluntarily dismissed action without prejudice); *see also United States ex rel. Grynberg v. Praxair, Inc.,* 389 F.3d 1038, 1057 (10th Cir.2004) (holding Praxair to be prevailing party in context of attorney's fees because "Grynberg is now prohibited from bringing further claims on these facts"); *Citizens for a Better Environment v. Steel Co.,* 230 F.3d 923, 929–30 (7th Cir.2000) (noting that, "[s]ometimes victory on a jurisdictional point" such as where a defendant persuades the court that "the plaintiff has sued too soon, or in the wrong court ... merely prolongs litigation ... and it remains to be seen who will prevail"); *Szabo Food Serv. Inc. v. Canteen Corp.,* 823 F.2d 1073, 1076–77 (7th Cir.1987) (holding that defendant was not "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice ... does not decide the case on the merits ... [—t]he defendant remains at risk"). *But see Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021,* 69 F.3d 456, 458–59 (10th Cir.1995) (holding that defendant was "prevailing party" under Rule 54(d) where plaintiff voluntarily dismissed its complaint with or without prejudice). In these circumstances, we conclude, as a matter of law, that defendants are not entitled to an award of costs under Rule 54(d).

■ Although a defendant who successfully obtains a dismissal on *forum non conveniens* grounds is not a "prevailing party" entitled to costs under Rule 54(d), we note that a district court may still, in appropriate circumstances, award costs to such a defendant pursuant to its inherent authority. Of course, the exercise of such

authority requires the court to find that the plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted); *accord Sassower v. Field*, 973 F.2d 75, 80–81 (2d Cir.1992) (holding that district court may, pursuant to its inherent authority, impose attorney's fees on unsuccessful *pro se* litigant if litigant acts in bad faith, vexatiously, wantonly, or for oppressive reasons); *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("One component of a court's inherent power is the power to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)). Notwithstanding plaintiff's tenuous bases for venue in the Southern District of New York, *see Dattner v. Conagra Foods, Inc.*, 2003 WL 1740448, at *3–4 (concluding that Dattner's ties to the S.D.N.Y. were "tenuous," noting "dearth of support" for Dattner's claims of New Jersey residency and New York employment, as well as his presence in country on temporary visa at time he filed complaint), we cannot ourselves determine the question of bad faith on the record before us. Such an issue, should defendants decide to pursue it on remand, is appropriately left for further inquiry and resolution by the district court.

Accordingly, the judgment of the district court entered on August 17, 2005, awarding defendants costs pursuant to Federal Rule of Civil Procedure 54(d) and Southern District of New York Local Rule 54. 1, is hereby VACATED and the case is REMANDED for further proceedings consistent with this opinion.