10-3389-cv(L)
Deep v. Clinton Central School District

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand and eleven.

Present:
  PETER W. HALL,
  GERARD E. LYNCH,
  DENNY CHIN,
    *Circuit Judges.*

_____

Norman P. Deep, Jr.,

    *Plaintiff-Appellant-Cross-Appellee*,

      v.                                              Nos.    10-3389-cv(L)
                                                              10-3391-cv(Con)
                                                              10-3940-cv(Con)
                                                              10-3949-cv(Con)

Glenn Coin, *et al.*,
    *Defendants-Appellees-Cross-Appellants*.

_____

FOR APPELLANT:          A.J. BOSMAN, Bosman Law Office, Rome, New York.

FOR APPELLEES:          FRANK W. MILLER, Law Firm of Frank W. Miller, East Syracuse, New York.

_____

Appeal from a judgment and orders of the United States District Court for the Northern District of New York (Hurd, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Plaintiff-Appellant-Cross-Appellee Norman P. Deep, Jr., appeals principally the district court's denial of his post-judgment motion under Fed. R. Civ. P. 50 and 59, following a jury trial, in which the jury found in favor of Defendants-Appellees-Cross-Appellants ("Defendants") on Deep's First Amendment retaliation claims brought pursuant to 42 U.S.C. § 1983. Defendants cross-appeal the district court's denial of their application for a bill of costs under N.D.N.Y. Local Rule 54.1(a).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and discuss these only where necessary to our decision.

I.    Deep's Arguments on Appeal

"Where, as here, a jury has deliberated in a case and actually returned its verdict, a district court may set aside the verdict pursuant to Rule 50 only where there is 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.'" *AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 456 (2d Cir. 2009) (quoting *Cross v. NYC Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005)).  We review *de novo* the denial of a Rule 50 motion, but "are bound by the same stern standards" as the district court. *Cross*, 417 F.3d at 248.  Thus, we "must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise

2

consider the weight of the evidence." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008) (internal quotation marks and citations omitted). By comparison, we review the district court's denial of a Rule 59 motion for abuse of discretion, and will reverse only where "(1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision–though not necessarily the product of a legal error or a clearly erroneous factual finding–cannot be located within the range of permissible decisions." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (internal quotation marks omitted); *see also AMW Materials Testing*, 584 F.3d at 456 ("The standard for ordering a new trial is therefore somewhat less stern than that for entering judgment as a matter of law, but our review of a district court's disposition of a Rule 59 motion is more deferential, and we will not reverse except for abuse of discretion."). Under either standard, we review the evidence in the light most favorable to the nonmoving party. *See Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002); *Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 685 (2d Cir. 1998).

Deep challenges the district court's denial of his Rule 50 and Rule 59 motions on four grounds: (1) the district court should have entered judgment against the members of the Clinton Central School District Board of Education ("Board Members") in their official capacities because the trial evidence failed to support their affirmative defense under *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); (2) the verdict was inconsistent because the jury (purportedly) never reached a verdict on the issue of whether the Board Members would still not have appointed Deep to the Athletic Director positions even if he had not filed his 2006 lawsuit; (3) the district court improperly restricted Deep's admission of evidence and did not

hold Defendants to those same restrictions; and (4) the jury instructions on the *Mt. Healthy* defense were erroneous. We reject all of these arguments.

First, in *Mt. Healthy*, the Supreme Court held that with respect to an employee's First Amendment retaliation claim, "even if there is evidence that the adverse employment action was motivated in part by protected speech, the government can avoid liability if it can show that it would have taken the same adverse action in the absence of the protected speech." *Heil v. Santoro*, 147 F.3d 103, 110 (2d Cir. 1998) (citing *Mt. Healthy*, 429 U.S. at 287). Here, Defendants asserted at trial that even if Deep had not filed his earlier lawsuit against Defendants, he still would not have been appointed to the Interim Athletic Director position in October 2007, or to the Permanent Athletic Director position in July 2008, because of (1) his aggressive management style and poor relationships with administrators in the Clinton Central School District (the "District") and other coaching staff, and (2) the fact that Douglas Fiore, who did not exhibit these qualities, was a superior candidate. Construing, as we must, all of the trial evidence in Defendants' favor, the jury appropriately determined that Defendants had produced sufficient evidence to prove their *Mt. Healthy* defense. *See Cash v. Cnty of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (holding that for a movant to prevail on a Rule 50 motion, a "court, viewing the evidence in the light most favorable to the non-movant, [must] conclude[] that 'a reasonable juror would have been *compelled* to accept the view of the moving party'" (quoting *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007) (emphasis in *Zellner*))).

Then District Superintendent Jeffrey Roudebush and Principal Richard D. Hunt testified unequivocally that a successful Athletic Director should have strong adult-to-adult interpersonal skills and should be able to interact and communicate effectively with District administrators, coaches, and other Athletic Directors. As to the three candidates who applied, Roudebush and

Hunt confirmed that Fiore, not Deep, best exemplified these qualities, and on that basis, Roudebush recommended Fiore to the Board Members for selection. In addition, those Board Members who testified confirmed that for both the Interim Athletic Director position and the Permanent Athletic Director position, the only person Roudebush recommended was Fiore, and that the Board voted on that recommendation and appointed Fiore to the positions. We conclude this evidence was more than sufficient to support the jury's verdict as to Defendants' *Mt. Healthy* defense.

Second, even assuming that Deep has preserved his argument that the jury's verdict was inconsistent, we identify no error with the jury's answer to Question Two of the verdict sheets. That question provided: "Do you find that defendant Jeffrey Roudebush would *not* have recommended Norman P. Deep, Jr. as [Interim Athletic Director in October 2007, and as Permanent Athletic Director in July 2008], even if plaintiff had not filed a lawsuit in July 2006?" Deep asserts, in essence, that because this question did not ask whether the Board–in addition to Roudebush–would not have appointed him even if he had not filed his earlier lawsuit, the jury did not reach the issue of whether the Board had proven its *Mt. Healthy* defense. We disagree. The trial evidence showed that the Board had no discretion in choosing candidates for appointments. Instead, Superintendent Roudebush would recommend a single candidate to the Board for a particular position, and the Board could either approve or reject that candidate; the Board could not, for example, select an alternative candidate. This is not to say that the Board was unaware of any other candidates who applied. Indeed, Roudebush testified that Board Members would typically ask him about other candidates that he had considered. He affirmed, however, that any such discussion was merely to provide comparative information to the Board concerning the recommended candidate and others who had interviewed for the position. For

5

this reason, it is immaterial whether the Board would have approved Deep's appointment to the Athletic Director positions even if Deep had not filed his 2006 lawsuit. Because Roudebush did not recommend Deep for those positions, the Board had no occasion to vote on his appointment.

Deep's arguments to the contrary are unavailing. He asserts that as a factual matter, the Board was not bound by Roudebush's recommendation and could have chosen him for the positions, but he fails to identify any trial evidence supporting this proposition. Moreover, while Deep points to testimony from Roudebush that the Board did not always approve his recommended candidate, and relies on his own testimony at trial that Hunt told him that three candidates were presented to the Board for the two positions in question, none of this evidence is dispositive. That the Board did not always accept Roudebush's recommendation does not refute the fact that the Board could not have chosen Deep absent a recommendation from Roudebush; it shows only that the Board would, on occasion, decline to appoint the candidate Roudebush recommended. And while Deep did testify to Hunt's alleged statement, that testimony was directly contradicted by Roudebush and Hunt, and it is not our role to weigh the credibility of their testimony or to otherwise consider the weight of the evidence. *See Brady*, 531 F.3d at 133.

In any event, even if we accept Deep's argument that the phraseology of Question Two was unclear, any ambiguity was eliminated by the district court's supplemental instructions to the jury. In response to the second jury note, the district court expressly charged the jury that with respect to Question Two, Defendants had the burden of proving "by a preponderance of the evidence that Defendant Roudebush would still not have recommended [Deep] as the athletic director, and the *Board of Education* still would not have appointed him in either or both 2007 or 2008, regardless . . . of the 2006 lawsuit." (emphasis added). Based on these instructions, it was made clear to the jury that to answer "yes" to Question Two, it must determine that *both*

6

Roudebush and the Board had successfully proved their *Mt. Healthy* defense. Deep's assertion that the jury never found that the Board had proved its *Mt. Healthy* defense must therefore fail.

Third, the district court did not abuse its discretion by denying Deep's motion for a new trial on grounds that the court made a number of erroneous evidentiary rulings at trial. Deep argues that the court erred by preventing him from introducing evidence concerning the merits of his 2006 lawsuit because, he asserts, such evidence would have undermined Defendants' *Mt. Healthy* defense. We disagree. As already noted, Defendants' *Mt. Healthy* defense turned on their ability to convince the jury that Deep would not have been appointed for the Athletic Director positions because of certain non-protected grounds or, put differently, that Deep's 2006 lawsuit was not the "but for" cause of his non-appointment. *See Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 877 (2d Cir. 1988) (observing that under *Mt. Healthy*, an employer was "entitled to prevail if the fact-finder concluded that the [plaintiff] would have been discharged even if the protected conduct had not occurred, i.e., that the improper reason was not the 'but for' cause of the discharge"). Evidence concerning the merits of Deep's 2006 lawsuit does not bear on this issue. Instead, such evidence was relevant only to whether the lawsuit was a motivating factor in Roudebush's and the Board's decision, and based on its answer to Question One of the verdict forms, the jury found that was true. To the extent Deep argues that a specific comment by Roudebush was relevant to assessing his or the Board's motivations in 2007 and 2008, notwithstanding that it was made before July 2006, we decline to address this argument because Deep never asserted below that this particular piece of evidence, as distinguished from general testimony about the facts underlying the 2006 lawsuit, was admissible on that issue.

In addition, the district court did not err by allowing Defendants to introduce evidence concerning events that fell outside the designated July 2006 to July 2008 time period. Although

7

Hunt was allowed to testify about events that occurred prior to July 2006, that testimony was clearly relevant because those events influenced Hunt's state of mind in determining whether Deep was an appropriate candidate for the Athletic Director positions. In fact, the district court explicitly instructed the jury on this point, reminding them that this background information was "not part of the lawsuit" but came in "for the limited purpose of Hunt testifying as to the basis of his recommendation to the superintendent." Finally, based on our review of the trial evidence, the district court did not exceed its allowable discretion by preventing Deep from calling character witnesses.

Fourth, Deep argues that the jury instructions as to the *Mt. Healthy* defense were erroneous, and that a new trial is warranted, because the district court refused to give a pretext charge. The legal framework governing First Amendment retaliation claims under *Mt. Healthy* is well-established. To prevail, a plaintiff must demonstrate: (1) the speech at issue was protected; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected speech and the adverse action. *Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir. 1994) (citing *Mt. Healthy*, 429 U.S. at 283-87); *accord Cotarelo v. Village of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006) (citing on *Blum*). However, "[s]hould a plaintiff demonstrate these factors, the defendant has the opportunity to demonstrate by a preponderance of the evidence that it would have undertaken the same adverse employment action 'even in the absence of the protected conduct.'" *Blum*, 18 F.3d at 1010 (quoting *Mt. Healthy*, 429 U.S. at 287). Pretext forms no part of this analysis. In fact, unlike the traditional burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), we have never identified pretext as a relevant factor in considering a First Amendment retaliation claim under *Mt.*

*Healthy*.  *Cf. Holo-Krome Co. v. N.L.R.B.*, 954 F.2d 108, 110 (2d Cir. 1992) (identifying the former as "pretext cases" and the latter as "dual-motivation cases").  At any rate, the jury's finding under the trial court's *Mt. Healthy* instruction that Deep would not have been hired based on independent and legitimate reasons, even if he had never filed the 2006 lawsuit, is incompatible with any possibility (1) that those reasons were in fact a mere pretext and (2) that Roudebush's and the Board's true reason for not hiring Deep was based on retaliatory animus.  Accordingly, it was entirely appropriate for the district court to decline to give a pretext charge as part of its *Mt. Healthy* instruction.

Finally, Deep asserts that the district court erred by dismissing, prior to trial, his state law claims in his second federal action, N.D.N.Y. Dkt. No. 08-cv-930, as well as his individual-capacity claims against the Board Members in both of the underlying actions.  We review the first claim *de novo*, *see Chase Grp. Alliance v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010), and the second claim for abuse of discretion, *see Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010).  Following a thorough examination of the record, we identify no error with the court's dismissal of these claims, and thus affirm substantially for the reasons identified by the district court.

## II.    Defendants' Cross-Appeal

Defendants challenge the district court's denial of their application for a bill of costs under N.D.N.Y. Local Rule 54.1(a).  We ordinarily "accord substantial deference to a district court's interpretation of its own local rules,"  *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) (internal quotation marks omitted), and have held that a decision to award costs under Rule 54 "rests within the sound discretion of the district court,"  *Dattner v. Conagra Foods, Inc.*,

9

458 F.3d 98, 100 (2d Cir. 2006) (internal quotation marks omitted). However, we will still "review questions of law, including the interpretation of the relevant rules, *de novo*." *Id.*

Local Rule 54.1(a) provides: "The party entitled to recover costs shall file, within thirty (30) days after entry of judgment, a verified bill of costs on the forms that the Clerk provides." It clarifies, however, that "[p]ost-trial motions shall not serve to extend the time within which a party may file a verified bill of costs as provided in this Rule, except on an order extending time." *Id.* Here, the district court denied Defendants' application as untimely, noting that judgment was entered in December 2009, and that Defendants failed to file their application until August 2010. Defendants assert this was error because the word "judgment" in Rule 54.1(a) should be interpreted to mean the district court's "final judgment"–i.e., the order or decision that resolves all outstanding issues, including any post-judgment motions. Thus, they assert, the underlying "judgment" for purposes of Rule 54.1(a) was the district court's July 2010 order disposing of Deep's post-judgment motions, and because they filed their application within thirty days of that order, it was timely.

We disagree. Although post-judgment motions pursuant to Fed. R. Civ. P. 50(b) and 59 will ordinarily toll any applicable time period that turns on the date of the entry of judgment, *see, e.g.*, Fed. R. App. P. 4(a)(4)(A) (providing that if a party files one or a number of enumerated post-judgment motions, the time period for filing a notice of appeal from the judgment runs from the date on which the order disposing of such motion is entered), in adopting its local rule, the district court has decided, within its discretion, that for purposes of an application for a bill of costs, the filing of a post-judgment motion will *not* extend the applicable thirty-day time period beginning on the date of entry of judgment except where the party moves for an order extending time. Admittedly, the Northern District's rule on bill of costs differs from that applicable in

10

other districts within this Circuit, *see* E.D.N.Y. Local Rule 54.1(a); S.D.N.Y. Local Rule 54.1(a); W.D.N.Y. Local Rule 54.1(a), but there is no conflict between that rule and the Federal Rules or our precedent.  Under the circumstances presented, Defendants should have, but failed to, file a motion under Local Rule 54.1(a) to extend the time period for filing an application for costs. That they chose not to does not make the rule invalid.  Accordingly, we identify no abuse of discretion with the district court's denial of their application.

The judgment and orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11