12-112-cv(L)
RBC Nice Bearings, Inc. v. SKF USA Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand thirteen.

Present:
ROBERT D. SACK,
PETER W. HALL,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

_____

RBC NICE BEARINGS, INC., ROLLER BEARINGS CO. OF
AMERICA, INC., RBC NICE BEARINGS INC., d/b/a NICE
BALL BEARINGS INC.,

*Plaintiffs-Counter Defendants-Appellees-Cross-Appellants*,

v.                                                              12-112-cv(L);
                                                                12-115-cv(XAP)
SKF USA INC.,

*Defendant-Counter Claimant-Appellant-Cross-Appellee.*

_____

FOR APPELLANT:          MATTHEW D. JANSSEN (David Richman, Pepper Hamilton LLP,
                        Philadelphia, PA, and Robert B. Flynn, O'Connell, Attmore &
                        Morris, LLC, Hartford, CT, *on the brief*), Pepper Hamilton LLP,
                        Philadelphia, PA.

1

FOR APPELLEES:          MATTHEW BROWN (Joseph W. Martini and Jeffrey R. Babbin, *on the brief*), Wiggin and Dana LLP, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-counter-defendants RBC Nice Bearings, Inc. and related parties (collectively, "RBC"), and defendant-counter-claimant SKF USA Inc. ("SKF") each appeal from an Order of the United States District Court for the District of Connecticut (Hall, *J.*) entered on December 9, 2011, denying each party's Bill of Costs filed pursuant to Fed. R. Civ. P. 54(d)(1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party." The district court found that because its judgment dismissing RBC's claims and SKF's counterclaims did not "materially alter[] the legal relationship between the parties," *RBC Nice Bearings, Inc. v. SKF USA Inc.*, No. 3:06-cv-1880, 2011 WL 6140919, at *1 (D. Conn. Dec. 9, 2011) (internal quotation marks omitted), neither party was a prevailing party within the meaning of Rule 54(d)(1). The court therefore declined to award costs to either party. We assume the parties' familiarity with the facts and procedural history of this case.

In denying costs, the district court relied in substance on its determination, which the parties vigorously contest, that neither party was a prevailing party. Whether a party is a "prevailing party" within the meaning of Rule 54(d) is a question of law, which we review *de novo*. *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (per curiam). We need

2

not resolve this issue, however, because the district court was well within its discretion in declining to award costs to either party.

It is well-settled that we are free to affirm the judgment below "on any ground for which there is support in the record, even if not adopted by the district court." *Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 88 (2d Cir. 2002). The decision whether to award costs under Rule 54(d) "is committed to the sound discretion of the district court, and is accordingly reviewed for abuse of discretion." *ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 651 (2d Cir. 1991). Even assuming *arguendo* that the district court erred in finding that neither party was a prevailing party, neither party has offered any ground for us to conclude that the district court exceeded the bounds of its discretion in refusing to award costs to either one. *See Srybnik v. Epstein*, 230 F.2d 683, 686 (2d Cir. 1956) ("[W]here the defendant counter-claims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties . . . .").

We have considered all of the parties' remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED. Each party to bear its own costs on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3