24-303
*Paulo v. Agence France-Presse*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

------------------------------------------------

LEONG FRANCISCO PAULO,

> *Plaintiff-Appellee,*

> v.                                             No. 24-303

AGENCE FRANCE-PRESSE, GETTY IMAGES (U.S.), INC., GETTY IMAGES INC.,

> *Defendants-Appellants,*

John Doe 1–100, XYZ Corporation 1–100,

*Defendants.*

---

**For Plaintiff-Appellee:** Leong Francisco Paulo, *pro se*, Lisbon, Portuguese Republic.

**For Defendants-Appellants:** Nancy E. Wolff (Benjamin S. Halperin *on the brief*), Cowan, Debaets, Abrahams & Sheppard LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 3, 2024 judgment of the district court is **AFFIRMED**.

Agence France-Presse ("AFP"), Getty Images (U.S.), Inc., and Getty Images Inc. appeal from an order denying their motion for attorneys' fees and costs following the dismissal of Plaintiff Leong Francisco Paulo's copyright infringement claims under the doctrine of *forum non conveniens*. *See Paulo v. Agence France-Presse*, No. 21-cv-11209, 2023 WL 2707201, at *1 (S.D.N.Y. Mar. 30, 2023). We assume the parties' familiarity with the underlying facts, procedural

history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the "legal question of prevailing party status *de novo*," *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 151 (2d Cir. 2013), as we do "questions of law regarding the legal standard for granting or denying attorney's fees," *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). In all other respects, we review "the district court's denial of an application for attorney's fees . . . for abuse of discretion." *Scarangella*, 731 F.3d at 151.

Appellants argue that they are entitled to attorneys' fees and costs under two separate provisions: Section 505 of the Copyright Act, *see* Appellants Br. at 11 (quoting 17 U.S.C. § 505), and Federal Rule of Civil Procedure 41(d), *see id.* at 21 (quoting Fed. R. Civ. P. 41(d)). We consider each in turn.

**I.     Costs and Fees under 17 U.S.C. § 505**

Appellants' first argument – that they qualify as "prevailing parties" under 17 U.S.C. § 505 – is foreclosed by this Circuit's caselaw. Indeed, we have long held that "a defendant who successfully obtains a dismissal on *forum non conveniens* grounds is *not* a 'prevailing party' entitled to costs" or attorneys' fees under section 505. *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006)

3

(emphasis added).   A defendant who succeeds in procuring a "dismissal on the ground of *forum non conveniens*" is "not, after all, immunize[d] . . . from the risk of further litigation on the merits."   *Id.*; *see also id.* ("[B]ecause it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered 'prevailing.'").

In the face of this clear precedent, Appellants urge us to ignore *Dattner* in light of what they argue is intervening authority from the Supreme Court.   *See* Appellants Br. at 18–21 (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016)).   But *CRST* says nothing about *Dattner* in particular or dismissals on the basis of *forum non conveniens* in general.   Instead, that case merely stands for the proposition that a favorable ruling on the merits is not a prerequisite for a finding that a defendant is a prevailing party.   *See CRST*, 578 U.S. at 431 ("The defendant *may* prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." (emphasis added)).   Indeed, three years after *CRST*, we reiterated that under *Dattner*, "a defendant who ha[s] obtained a dismissal on *forum non conveniens* grounds [is] not a prevailing party because the plaintiff could pursue his claims against the defendant in another forum."   *Manhattan Rev. LLC*

*v. Yun*, 919 F.3d 149, 153 (2d Cir. 2019). In the years since, neither the Supreme Court – nor our Court sitting *en banc* – has reversed our holding in *Dattner* or asserted that it was incorrect. In fact, the day *before* the Reply Brief was filed in this case, the Supreme Court acknowledged that it is an "open" question "whether a defendant must obtain a preclusive judgment in order to prevail." *Lackey v. Stinnie*, 604 U.S. 192, 204 n.* (2025).

Put simply, we are bound by our holding in *Dattner* and thus reject Appellant's contention that *Dattner* "should be overturned as irreconcilable with" current Supreme Court caselaw. Appellants Br. at 18.

**II.     Costs and Fees under Fed. R. Civ. P. 41(d)**

Appellants also argue that Federal Rule of Civil Procedure 41(d) provides an independent basis for them to recover attorneys' fees and costs in this case. Again, we disagree.

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in *any court* files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d) (emphasis added). The parties spill much ink on whether Rule 41(d)'s use of the term "any court" extends to dismissals in

foreign tribunals. But while the parties are correct that this is an issue of first impression in this (and, in fact, any) circuit, we need not resolve it now because Rule 41(d) is merely *permissive*, not mandatory. In other words, *even if* Appellants are correct that the term "any court" extends to Paulo's voluntary dismissal of his action in Portugal, Rule 41(d) only provides that a court "*may* order" the plaintiff to pay costs, and the district court below made clear that it chose "not [to] exercise its discretion to award costs to AFP under Rule 41(d)" "[f]or substantially the same reasons" underlying its conclusion that it would not award attorneys' fees even if Appellants had been prevailing parties under section 505. Sp. App'x at 14–15.

The district court concluded as much because it "d[id] not find" that Paulo's "claims – which are still the subject of litigation in Portugal, or perhaps eventually here – are frivolous, unreasonable, or based on any improper motive." *Id.* at 9. Indeed, the district court made clear that its *forum non conveniens* ruling was *conditional,* leaving open the possibility that Paulo might renew an action in the Southern District of New York "should the Portuguese court decline to hear his claims." *Id.* Based on these facts, the district court concluded that Appellants had established neither the "objective (un)reasonableness of a losing party's

litigation position" nor that the claims were "frivolous" or "based on any improper motive." *Id.* (internal quotation marks omitted).

We cannot say that the district court "base[d] its decision on a clearly erroneous factual finding." *Lilly*, 934 F.3d at 227 (internal quotation marks omitted). In granting Appellants' motion and sending the case back to Portugal, the district court merely required the parties to resume the litigation they had already started in that country. And if Appellants prevail in that action, they can seek attorneys' fees and costs from the Portuguese court. *See* Judiciaries Worldwide, *Portugal Attorneys' Fees*, FED. JUD. CTR., https://judiciariesworldwide.fjc.gov/attorneys-fees [https://perma.cc/BUM5-2PFN] (last visited Oct. 20, 2025) ("In Portugal, the prevailing party can recover costs, including attorney's fees . . . ."). On the other hand, if – in light of the district court's conditional dismissal – the case were to return to the United States, the door would remain open for Appellants to prevail here on the merits and then move for costs and attorneys' fees under section 505 of the Copyright Act. Given these possible scenarios, the district court did not abuse its discretion in denying Appellants' motion for attorneys' fees and costs.

\* \* \*

7

We have considered Appellants' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court