Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 2, 2012, which denied defendants’ motion to dismiss plaintiffs second amended complaint, or in the alternative, for a stay of the action, unanimously modified, on the law, to dismiss the Delaware limited partnerships and limited liability company as derivative plaintiffs, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 26, 2012, which to the extent appealable, denied defendants’ motion to renew, unanimously affirmed, without costs.
We disagree with the motion court’s finding that plaintiff had legal capacity to bring her derivative claims on behalf of the dissolved Delaware limited partnerships and limited liability company. Plaintiff was required to bring her derivative claims on behalf of the Delaware limited partnerships and limited liability company “after or in conjunction with” a successful action seeking the nullification of the certificate of cancellation (see Del Code Ann, tit 6, § 18-805; Matthew v Laudamiel, 2012 WL 605589, *21-22, 2012 Del Ch LEXIS 38, *76 [Feb. 21, 2012, C.A. No. 5957-VCN]). However, plaintiff failed to file a petition in the Delaware Chancery Court in order to have the certificates of cancellation of the Delaware entities annulled (see Del Code Ann, tit 6, § 18-805), and instead, improperly filed a cross motion in this action seeking nullification of the certificates.
We agree with that portion of the motion court’s order declining to dismiss the claims asserted against three dissolved Delaware corporations: defendants Baybroad, Inc., Elmont Realty, Inc. and Parkchester RB Corp. Under Delaware law, for the purpose of prosecuting suits, dissolved corporations exist for the term of three years from the expiration or dissolution (see Del Code Ann, tit 8, § 278; see also Smith-Johnson S.S. Corp. v United States, 231 F Supp 184, 186 [D Del 1964]). Although the three corporate defendants were served with plaintiffs second amended complaint more than three years after the filing of their respective certificates of dissolution, the relation-back doctrine renders the claims timely (see Buran v Coupal, 87 NY2d 173, 178 [1995]; CPLR 203 [c] [f]).
*621 The motion court properly applied a six-year statute of limitations to the breach of fiduciary duty claim since the derivative action is “equitable in nature” (see Horizon Asset Mgt., LLC v Duffy, 106 AD3d 594, 595 [1st Dept 2013]). Plaintiff continued to be in a continuing fiduciary relationship with defendant Jonathan Otto and the other limited partners or members. Accordingly, the statute of limitations did not begin to run until the relationship terminated (see 196 Owners Corp. v Hampton Mgt. Co., 227 AD2d 296 [1st Dept 1996]).
Both New York and Delaware law require a plaintiff bringing a derivative action on behalf of a limited liability company or limited partnership to plead that demand was made or that demand was futile (see Del Code Ann, tit 6, §§ 17-1003, 18-1003; Partnership Law § 115-a). The motion court’s finding that demand was futile with respect to four of the limited partnerships is supported by the complaint’s specific allegations that defendant Jonathan Otto, the controlling owner in the defendant entities, was interested in the sale transaction (see Wandel v Eisenberg, 60 AD3d 77, 79-80 [1st Dept 2009]).
There is no basis for a stay of the action pursuant to CPLR 2201 since the decision in the Surrogate Court proceeding will not determine all of the questions in this action (see Somoza v Pechnik, 3 AD3d 394 [1st Dept 2004]). Indeed, the record establishes that the executors statement of issues indicates that the contested issues to be tried by the Surrogate Court are limited to issues of professional fees. Claims relating to the real estate entities, and alleged breaches of fiduciary duty were not included as matters before the Surrogate Court.
The motion court properly denied the motion to renew as defendants failed to present any new facts warranting renewal (CPLR 2221 [e] [2]). Concur — Friedman, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.