(May 11, 2017)

■ JOERN MEISSNER, Appellant, v TRACY YUN et al., Respondents. [55 NYS3d 163]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about July 10, 2015, which granted defendants' motion for summary judgment dismissing the first through fifth causes of action insofar as asserted derivatively, and order, same court and Justice, entered on or about October 29, 2015, which, to the extent appealed from, denied plaintiff's motion to renew, unanimously affirmed, without costs.

The motion court correctly held that plaintiff lacked standing to assert derivative claims on behalf of Manhattan Review LLC since he never commenced a proceeding with the Delaware Chancery Court to nullify or revoke the company's certificate of cancellation (*Otto v Otto*, 110 AD3d 620 [1st Dept 2013], citing Del Code Ann tit 6, § 18-805; *Matthew v Laudamiel*, 2012 WL 605589, *21-22, 2012 Del Ch LEXIS 38, *76 [Feb. 21, 2012, C.A. No. 5957-VCN]). Moreover, defendants did not waive their right to raise plaintiff's lack of standing and capacity to sue since they asserted the affirmative defense in their answer (*Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007]; CPLR 3211 [e]).

The motion court was also correct to deny plaintiff's motion to renew the summary judgment motion. Plaintiff argued that he was entitled to renewal because Manhattan Review LLC had been "revived," as evidenced by a certificate issued by the Delaware Secretary of State, stating that Manhattan Review LLC existed as of August 3, 2015. However, plaintiff's renewal motion, which was not supported by an affidavit by anyone with personal knowledge of the relevant facts, failed to provide a reasonable justification as to why plaintiff did not seek to revive the company prior to or in conjunction with bringing his derivative claims (see CPLR 2221 [e] [3]; Otto, 110 AD3d at 620). Indeed, plaintiff alleged in his first amended complaint, dated August 24, 2012, that defendant Yun had dissolved Manhattan Review LLC on or about January 3, 2012, demonstrating that he knew the company had been dissolved at least 26 months before defendants filed their summary judgment motion on October 27, 2014. A motion to renew "should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application" (Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]). Accordingly, we reject plaintiff's counsel's conclusory assertion, made in his memorandum of law, that the motion was proper because the certificate constituted a fact that did not exist at the time that defendants' summary judgment motion was decided (see Jones v 170 E. 92nd St. Owners Corp., 69 AD3d 483, 483-484 [1st Dept 2010]).

In any event, were we to consider the certificate, it would not change the outcome (CPLR 2221 [e] [2]). We agree with the motion court that plaintiff failed to demonstrate that he had obtained the certificate by a process equivalent to an action in the Delaware Chancery Court seeking nullification of the certificate of cancellation (see Otto, 110 AD3d at 620; Laudamiel, 2012 WL 605589, *22 n 148, 2012 Del Ch LEXIS 38, *80 n 148; Metro Communication Corp. BVI v Advanced Mobilecomm Tech. Inc., 854 A2d 121, 138-139 [Del Ch 2004]). Although plaintiff asks us to afford full faith and credit to the certificate, we have previously declined to afford full faith and credit to a sister state administrative action that was not comparable to a judicial proceeding addressing the relevant issue (see generally Marine Midland Bank v Home Ins. Co., 263 AD2d 374 [1st Dept 1999]). Accordingly, plaintiff may only establish his authority to sue derivatively through a proceeding in the Delaware Chancery Court (Otto, 110 AD3d at 620).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Kapnick,

Kahn and Gesmer, JJ.