17-4046-cv
*Manhattan Review, LLC, et al. v. Tracy Yun, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2018

(Argued: October 23, 2018          Decided: March 25, 2019)

No. 17-4046-cv

————————————————————

MANHATTAN REVIEW LLC and JOERN MEISSNER, derivatively on behalf of
MANHATTAN REVIEW LLC,

*Plaintiffs-Appellants,*

-v.-

TRACY YUN, MANHATTAN ENTERPRISE GROUP LLC, d/b/a MANHATTAN ELITE PREP,
and CHRISTOPHER KELLY,

*Defendants-Appellees.*[1]

————————————————————

Before:      LIVINGSTON and LOHIER, *Circuit Judges*, and CROTTY, *District Judge*.[2]

Plaintiffs-Appellants Manhattan Review LLC and Joern Meissner appeal the
district court's judgment granting attorneys' fees and costs to Defendants-

---

[1] The Clerk of Court is respectfully instructed to amend the caption as set forth above.

[2] Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Appellees Manhattan Enterprise Group LLC and Christopher Kelly pursuant to section 505 of the Copyright Act, 17 U.S.C. § 505, and section 35(a) of the Lanham Act, 15 U.S.C. 1117(a). Each of those provisions authorizes the district court to award fees to the "prevailing party" in a lawsuit. Plaintiffs-Appellants sued Defendants-Appellees for violations of the Copyright and Lanham Acts, but Defendants-Appellees obtained a dismissal of Plaintiffs-Appellants' complaint on collateral estoppel grounds. We hold that Defendants-Appellees meet the definition of "prevailing party" under both fee-shifting provisions. Accordingly, the judgment of the district court is **AFFIRMED**.

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | THOMAS P. HIGGINS, Higgins & Trippett LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES: | TRACY YUN, New York, NY, *pro se*. |
| | JUSTIN KUEHN, Moore Kuehn, PLLC, New York, NY, *for Manhattan Enterprise Group, LLC, d/b/a Manhattan Elite Prep*. |
| | CHRISTOPHER KELLY, New York, NY, *pro se*. |

PER CURIAM:

Plaintiffs-Appellants Manhattan Review LLC ("Manhattan Review") and Joern Meissner ("Meissner") appeal the judgment of the district court (Kaplan, *J.*; Francis, *M.J.*) granting attorneys' fees and costs to Defendants-Appellees Manhattan Enterprise Group LLC, d/b/a Manhattan Elite Prep ("Manhattan Enterprise"), and Christopher Kelly ("Kelly") pursuant to section 505 of the Copyright Act, 17 U.S.C. § 505, and section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). A separate summary order filed simultaneously with this opinion

addresses the balance of Plaintiffs-Appellants' arguments on appeal. This opinion addresses Plaintiffs-Appellants' argument that Defendants-Appellees do not meet the definition of a "prevailing party" under section 505 of the Copyright Act or section 35(a) of the Lanham Act. We reject that argument and hold that Defendants-Appellees do meet the definition of a "prevailing party" under those provisions.

## Background

This appeal concerns litigation over the corporate status of Manhattan Review, a test preparation business formed by Meissner and Defendant-Appellee Tracy Yun ("Yun") in March 2005. *See Manhattan Review LLC v. Yun* ("*Manhattan Review I*"), No. 16 Civ. 102, 2016 WL 6330474, at *1 (S.D.N.Y. Aug. 15, 2016), *report and recommendation adopted*, 2016 WL 6330409 (S.D.N.Y. Oct. 26, 2016). In 2011, after a falling-out between Yun and Meissner, Yun allegedly formed Manhattan Enterprise as a competitor to Manhattan Review. *See Manhattan Review LLC v. Yun* ("*Manhattan Review II*"), No. 16 Civ. 102, 2017 WL 1330334, at *1 (S.D.N.Y. April 10, 2017), *report and recommendation adopted*, 2017 WL 3034350 (S.D.N.Y. July 17, 2017). In operating Manhattan Enterprise, Yun allegedly used Manhattan Review's assets and intellectual property, including trademarks and copyrighted

test preparation materials, without Meissner's consent. In December 2011, Yun also filed a Certificate of Cancellation of Manhattan Review's status as an LLC with the Delaware Secretary of State.

In March 2012, Meissner, individually and derivatively on behalf of Manhattan Review, sued Yun and Manhattan Enterprise in New York state court on various state law claims. The court initially dismissed Meissner's derivative claims due to the outstanding Certificate of Cancellation, holding that Meissner could not sue on behalf of Manhattan Review given its cancelled status. Seeking to rehabilitate those claims, Meissner filed a Certificate of Correction with the Delaware Secretary of State, challenging the validity of Yun's Certificate of Cancellation. After obtaining a Certificate of Good Standing for Manhattan Review, Meissner filed a motion to vacate the state court's dismissal of the derivative claims. The state court denied that motion on the ground that Meissner had not shown that issuance of the Certificate of Good Standing effected a nullification of the Certificate of Cancellation.[3]

---

[3] That order has subsequently been affirmed on appeal. *Meissner v. Yun*, 150 A.D.3d 455, 55 N.Y.S.3d 163 (1st Dep't 2017).

In January 2016, Plaintiffs-Appellants Manhattan Review and Meissner (suing only derivatively on his company's behalf) filed suit in federal court against Defendants-Appellees Yun, Manhattan Enterprise, and Kelly. Plaintiffs-Appellants' First Amended Complaint alleged, *inter alia*, copyright infringement pursuant to section 501 of the Copyright Act, 17 U.S.C. § 501, trademark infringement pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and various state law causes of action. Defendants-Appellees moved to dismiss the First Amended Complaint, arguing, *inter alia*, that Plaintiffs-Appellants lacked standing to assert their claims. The magistrate judge recommended dismissing certain state law claims and allowing Plaintiffs-Appellants to amend their complaint. The district court adopted those recommendations on October 26, 2016, *see Manhattan Review I*, 2016 WL 6330409, at *1, and Plaintiffs-Appellants filed a Second Amended Complaint repleading their Copyright Act and Lanham Act claims. None of Plaintiffs-Appellants' three complaints mentioned the prior state court action.

Defendants-Appellees moved to dismiss the Second Amended Complaint. They argued that the state court orders precluded Plaintiffs-Appellants from bringing their federal suit. The magistrate judge agreed, holding that the "state

5

court['s] determin[ation] that the Certificate of Good Standing was not a proper nullification of the Certificate of Cancellation" was "decisive of Manhattan Review's capacity to bring direct claims as well as Dr. Meissner's capacity to bring derivative claims." *Manhattan Review II*, 2017 WL 1330334, at \*6. Because Plaintiffs-Appellants had received a full and fair opportunity to litigate that question in state court, collateral estoppel barred their claims. *Id.* at \*7. On July 17, 2017, the district court adopted the magistrate judge's recommendations to dismiss the Second Amended Complaint and deny Plaintiffs-Appellants leave to file a third amended complaint. *See Manhattan Review II,* 2017 WL 3034350, at \*1.[4]

Defendants-Appellees then sought an award of attorneys' fees pursuant to section 505 of the Copyright Act and section 35(a) of the Lanham Act. The magistrate judge recommended granting Defendants-Appellees' motion in part and awarding Defendants-Appellees $48,160.50 in attorneys' fees and $593.54 in costs. On December 5, 2017, the district court adopted that recommendation in its entirety. Plaintiffs-Appellants timely appealed the district court's award of fees.

---

[4] Plaintiffs-Appellants appealed the district court's order, but subsequently withdrew their appeal.

6

## Discussion

Both the Copyright Act and the Lanham Act authorize district courts to award attorneys' fees to the "prevailing party" in a lawsuit. *See* 17 U.S.C. § 505; 15 U.S.C. § 1117(a). A district court's decision to award attorneys' fees under the Copyright Act or the Lanham Act is reviewed for abuse of discretion. *See Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (Copyright Act); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194 (2d Cir. 1996) (Lanham Act). Whether a litigant qualifies as a "prevailing party" constitutes a question of law warranting *de novo* review. *See Preservation Coal. of Erie Cty. v. Fed. Transit Admin.*, 356 F.3d 444, 450 (2d Cir. 2004).

"Prevailing party" carries a consistent definition across the federal fee-shifting statutes. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 n.4 (2001). A "prevailing party" in a fee-shifting statute is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 604). Not only must the party seeking fees "achieve some 'material alteration of the legal relationship of

the parties,' but that change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (quoting *Buckhannon*, 532 U.S. at 604).

Plaintiffs-Appellants argue that Defendants-Appellees do not meet the definition of "prevailing party" because they obtained a dismissal of Plaintiffs-Appellants' complaint solely on collateral estoppel grounds. *See Manhattan Review II*, 2017 WL 1330334, at *7. We reject that argument. As the magistrate judge properly recognized in considering Defendants-Appellees' fee request, "Manhattan Review, in its present form, is [now] incapable of maintaining an action" against Defendants-Appellees. Sp. App. 17. That result constitutes a "material alteration of the legal relationship of the parties," *Buckhannon*, 532 U.S. at 604, because Defendants-Appellees are no longer suable by Plaintiffs-Appellants. Accordingly, we hold that Defendants-Appellees qualify as a "prevailing party" under both section 505 of the Copyright Act and section 35(a) of the Lanham Act.

Plaintiffs-Appellants contest this determination principally by arguing that a "prevailing party" must have obtained at least some relief on the merits of her claim. That argument is foreclosed by recent Supreme Court precedent. In *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016), the Supreme Court held

8

that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id.* at 1651. The Court reasoned that a defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision," and that therefore "[t]he defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* Here, Defendants-Appellees have "fulfilled [their] primary objective" by obtaining a dismissal of Plaintiffs-Appellants' complaint on collateral estoppel grounds. *Id.* That the district court did not reach the merits of Plaintiffs-Appellants' Copyright Act and Lanham Act claims does not affect the analysis.

Ten years before *CRST*, we held in *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98 (2d Cir. 2006) (per curiam), that a defendant who had obtained a dismissal on *forum non conveniens* grounds was not a prevailing party because the plaintiff could pursue his claims against the defendant in another forum. *Id.* at 103. Whatever the ongoing vitality of that holding in the wake of *CRST*, it has no application to the circumstances before us today. As the magistrate judge aptly noted, Manhattan Review *cannot* immediately re-file suit against Defendants-Appellees in another forum, but must instead proceed to the Delaware Court of Chancery if

9

it wants to remove the impediment to its ability to sue. The circumstances of a *forum non conveniens* dismissal, following which a plaintiff can immediately proceed in a more convenient forum, are therefore inapposite.

*       *       *

The remaining issues presented in this appeal are resolved by a separate summary order filed simultaneously with this opinion. For the reasons stated above and for the reasons stated in that order, the judgment of the district court is **AFFIRMED**.