Favourite Ltd. v Cico (2020 NY Slip Op 01463)





Favourite Ltd. v Cico


2020 NY Slip Op 01463


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


652857/16 11167 11166

[*1] Favourite Limited, et al., Plaintiffs-Respondents,
v
Benedetto Cico, et al., Defendants-Appellants, 151 East Houston Acquisition LLC, et al., Defendants.


Toptani Law PLLC, New York (Edward Toptani of counsel), for Benedetto Cico, appellant.
Law Office of Sean M. Kemp, Rhinebeck (Sean M. Kemp of counsel), for Carlo Cico, appellant.
Fein & Jakab, New York (Peter Jakab of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 30, 2018, which, insofar as appealed from, denied defendants Benedetto Cico's and Carla Cico's motions to dismiss the amended complaint, and granted in part plaintiffs' cross motion for leave to file a second amended complaint, unanimously reversed, on the law, without costs, the motions granted, and the cross motion denied. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered June 17, 2019, which, insofar as appealed from, denied in part defendants' motion to dismiss the second amended complaint, unanimously dismissed, without costs, as academic.
Contrary to defendants' contention, New York courts have subject matter jurisdiction over the amended complaint, which was supposed to contain only derivative claims (see Matter of Raharney Capital, LLC v Capital Stack LLC, 138 AD3d 83, 87 [1st Dept 2016]). The fact that the operating agreement of Upper East Side Suites, LLC (the Company) chooses Delaware law is of no moment, since "choice of law and choice of forum are altogether separate matters" (Bank of Tokyo-Mitsubishi, Ltd. v Kvaerner, 243 AD2d 1, 5 [1st Dept 1998]). Furthermore, section 18-1001 of the Delaware Limited Liability Company Act (the Act), which provides that "a member or an assignee of a limited liability company interest may bring an action in the Court of Chancery," is permissive, not mandatory (see generally Estate of Calderwood v ACE Group Intl. LLC, 157 AD3d 190, 195 [1st Dept 2017], lv dismissed 31 NY3d 1111 [2018]).
However, the action should be dismissed on the ground that the Company lacks capacity or standing to sue because plaintiff Sirio SRL lacked authority to obtain a certificate of revival. Initially, the Company was not dissolved pursuant to section 18-801(a) of the Act. Rather, its certificate of formation was cancelled pursuant to section 18-104(d) due to its failure to designate a new registered agent within 30 days after its old one resigned. Therefore, the Company could, in theory, be revived under section 18-1109(a). However, plaintiff Sirio SRL, which obtained the certificate of revival on April 19, 2018 as a member of the Company, lacked authority to act on behalf of the company. The Company's operating agreement states, "No Member as a Member shall have the right to bind the Company in dealings with third parties. No Member is an agent of the Company solely by virtue of being a member and no Member has authority to act for the Company solely." Even if the Company has become a member-managed LLC, which we are not deciding, the record contains no decision by more than 50% of the members to revive the Company before April 19, 2018. Plaintiffs rely on the vote to authorize the prosecution of the instant action but that vote was taken between May 31 and June 30, 2018.
"After [a] certificate of cancellation has been filed, suits generally may not be brought by ... an LLC" (Matthew v Laudamiel, 2012 WL 605589, *21, 2012 Del Ch LEXIS 38, *77-78 [Feb. 21, 2012, C.A. No. 5957-VCN]). Thus, the Company may not sue as a direct plaintiff, and the members thereof may not bring derivative claims on its behalf. Since plaintiffs lack standing or capacity, this action should be dismissed (see e.g. Otto v Otto, 110 AD3d 620 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK