Matter of Qudian Sec. Litig. (2020 NY Slip Op 07290)





Matter of Qudian Sec. Litig.


2020 NY Slip Op 07290


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 651804/18, 653047/18 Appeal No. 12537N Case No. 2020-02421 

[*1]In the Matter of Qudian Securities Litigation.
Panther Partners Inc. et al., Plaintiffs-Appellants,
Qudian Inc. et al., Defendants-Respondents, Min Luo et al., Defendants.


Robbins Geller Rudman & Dowd LLP, Melville (Joseph Russello of counsel), for appellants.
Simpson Thacher & Bartlett LLP, New York (Stephen P. Blake of counsel), for Qudian Inc., respondent.
O'Melveny & Myers LLP, New York (Jonathan Rosenberg of counsel), for Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc. and UBS Securities LLC, respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 15, 2020, which denied plaintiffs' motion to vacate a previously imposed stay, unanimously reversed, on [*2]the law and the facts and in the exercise of discretion, without costs, and the motion granted.
There is no basis for a stay of this action pursuant to CPLR 2201 since the decision in the federal action will not determine all of the questions in this action (see e.g. Otto v Otto, 110 AD3d 620, 621 [1st Dept 2013]). After the decision in In re: Qudian Inc. Sec. Litig. (2019 WL 4735376, 2019 US Dist LEXIS 167072 [SD NY, Sept. 27, 2019, No. 17-CV-9741 (JMF)]), the only claim remaining in the federal action concerns Dabai Auto, which is not at issue in the case at bar.
The only claim in plaintiffs' proposed consolidated amended complaint (CAC) is that defendants failed to disclose that Ant Financial was entitled to direct changes to critical aspects of Qudian's business, such as requiring it to reduce its effective annualized rate to 24%. This claim differs from the dismissed interest/fee claim in the federal action, which alleged that Qudian misleadingly represented that its fees did not exceed 36%, when it actually charged penalty fees that exceeded those allowed under Chinese law (see Qudian, 2019 WL 4575376 at *7, 2019 US Dist LEXIS 167072 at *21). Hence, the finding in the federal action would not pose a risk of inconsistent rulings (see American Intl. Group, Inc. v Greenberg, 60 AD3d 483, 484 [1st Dept 2009]; see also Lauria v Kriss, 147 AD3d 575, 575 [1st Dept 2017] [federal and state actions "do not sufficiently overlap or show the likelihood of estoppel"]).
The CAC is not plaintiffs' third bite at the apple. There is no indication in the record that Bryan Foat — the federal plaintiff who was represented by Robbins Geller Rudman & Dowd LLP — is related to either Panther Partners Inc. or The Morrow Property Trust (plaintiffs in the instant action), or that any of these plaintiffs are mere tools or puppets of Robbins Geller. Therefore, Foat should not be conflated with
plaintiffs in the case at bar. The fact that the proposed CAC is plaintiffs' second bite at the apple does not preclude amendment (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 98 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020