Greenberg v. Perfect Body Image

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-two.

PRESENT:  PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

STEPHEN T. GREENBERG, M.D., P.C., D/B/A GREENBERG COSMETIC SURGERY, STEPHEN T. GREENBERG, M.D.,

*Plaintiffs-Appellees*,

v.                                                                 No. 20-3912-cv

PERFECT BODY IMAGE, LLC, D/B/A PERFECT BODY LASER AND AESTHETICS, JOHN DOE 1–5,

*Defendants-Appellants*.*

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

----------------------------------------------------------------

FOR PLAINTIFFS-APPELLEES: PAUL MILLUS, Meyer, Suozzi, English & Klein, P.C., Garden City, NY

FOR DEFENDANTS-APPELLANTS: DOREEN J. SHINDEL, Doreen J. Shindel & Associates, P.C., Selden, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Perfect Body Image, LLC, d/b/a Perfect Body Laser and Aesthetics, and John Doe 1–5 (collectively, "Defendants") appeal from an October 20, 2020 order of the United States District Court for the Eastern District of New York (Feuerstein, J.) denying their motion for attorneys' fees after they prevailed on summary judgment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Lanham Act, the statute relevant here, provides that courts "in exceptional cases may award reasonable attorney fees to the prevailing party."

15 U.S.C. § 1117(a).  We recently explained that an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  4 Pillar Dynasty LLC v. New York & Co., 933 F.3d 202, 215 (2d Cir. 2019) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)).  District courts have "wide latitude as they engage in a case-by-case exercise of their discretion" to determine what qualifies as exceptional.  4 Pillar Dynasty, 933 F.3d at 215 (quotation marks omitted).  "In that case-by-case exercise," courts consider the totality of the circumstances, including factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Id. (quotation marks omitted).  We review a district court's decision to award attorneys' fees under the Lanham Act for abuse of discretion.  Manhattan Rev. LLC v. Yun, 919 F.3d 149, 152 (2d Cir. 2019).

Here, the District Court determined that awarding attorneys' fees was not warranted because the circumstances of this case did not qualify as

3

"exceptional." First, the District Court found that although Plaintiffs' claims "were ultimately unsuccessful, the legal theories on which they were rooted had clear bases in law." Greenberg v. Perfect Body Image, 17-CV-5807, 2020 WL 6146617, at *2 (Oct. 20, 2020). Among other facts supporting its view, the District Court pointed out that Defendants never moved to dismiss any of Plaintiffs' claims and that Defendants voluntarily ceased their offending online marketing campaign roughly two months after the action commenced. Id. The District Court also concluded that (1) Plaintiffs had not brought the suit in bad faith; (2) neither Plaintiffs' legal assertions nor their conduct during the litigation qualified as objectively unreasonable; and (3) Defendants had failed to demonstrate "that an award of attorney's fees [was] necessary to deter plaintiffs or others from engaging in similar litigation in the future," id. at *4, or to compensate Defendants for the costs they had incurred. The District Court acted well within its discretion in reaching these conclusions, which together formed an adequate basis for its decision to deny Defendants' motion.

On appeal, Defendants argue that the District Court "failed to give the appropriate weight to the meritlessness of [Plaintiffs'] Lanham Act claims[.]"

Appellants' Br. at 26. We disagree. The District Court acknowledged that Plaintiffs lost on summary judgment, but it explained that Plaintiffs' claims had been dismissed based on "the lack of evidentiary support submitted . . . in support of that claim[,] not because the claim was objectively unreasonable or without any basis in law or fact." Greenberg, 2020 WL 6146617, at *3.[1] Indeed, Defendants' gratuitous insertion of the name "Dr. Greenberg" into their advertisement, despite having no claim of any association between their firm and any Dr. Greenberg, gave substantial support to a likelihood of confusion. We find no merit in Defendants' argument that Plaintiffs' suit was frivolous. This was not the sort of "exceptional case" for which § 1117(a) authorizes attorneys' fees. Defendants also maintain that Plaintiffs commenced their suit in bad faith. But the District Court reasonably found that Plaintiffs' conduct — including their attempt to settle the matter pre-discovery and their decision not to seek further review of the District Court's denial of their motion for summary judgment —

---

[1] This appeal does not require us to consider the merits of the District Court's underlying grant of summary judgment to Defendants, and we therefore express no views on it. In reviewing the District Court's denial of attorneys' fees to Defendants, we need only determine that the District Court did not abuse its discretion in concluding that Plaintiffs' arguments were not frivolous.

"evince[d] a good faith effort to minimize both parties' investment of time and money[.]" Id. (quotation marks omitted).

We therefore conclude that the District Court did not abuse its discretion in declining to award attorneys' fees.

We have considered Defendants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court