Talking Capital Windup LLC v Omanoff (2023 NY Slip Op 03424)

Talking Capital Windup LLC v Omanoff

2023 NY Slip Op 03424

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 650973/17 Appeal No. 540 Case No. 2022-04017 

[*1]Talking Capital Windup LLC et al., Plaintiffs-Respondents,
v
Rodney Omanoff et al., Defendants-Appellants, Brendan Ross et al., Defendants.

Morvillo Abramowitz Grand Iason & Anello P.C., New York (Brian A. Jacobs of counsel), for appellants.
Bowles & Johnson, PLLC, New York (David K. Bowles of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about August 26, 2022, which, to the extent appealed from, denied the motion of defendants Rodney Omanoff (Mr. Omanoff), Omanoff America Telecom LLC, Contacts & Contracts Inc., and Omanoff America LLC (collectively, the Omanoff Defendants) for summary judgment dismissing the claims against them and granted plaintiffs' motion for summary judgment as to liability on the second, fourth, eighth, and tenth causes of action and dismissing the Omanoff Defendants' affirmative defenses, unanimously affirmed, without costs.
Although the Omanoff Defendants' notices of appeal only mention plaintiffs' motion for summary judgment, we still have the authority to decide whether the motion court correctly denied the Omanoff Defendants' motion for summary judgment (see McSparron v McSparron, 87 NY2d 275, 282 [1995]).
On the merits, the court properly found that the defense of unclean hands does not apply to preclude the grant of summary judgment in plaintiffs' favor and denied the Omanoff Defendants' motion for summary judgment to dismiss the action based on the defense of unclean hands. Pursuant to the doctrine of unclean hands, "a suitor who engaged in his own reprehensible conduct in the course of a transaction at issue must be denied equitable relief" (RBC Capital Mkts., LLC v Jervis, 129 A3d 816, 875-876 [Del 2015] [brackets and internal quotation marks omitted]).[FN1]
The doctrine of unclean hands does not bar plaintiffs' action because the entity who engaged in the "reprehensible conduct" was the individual Bradley Reifler, not the suitors in this lawsuit, Talking Capital Windup LLC (as successor to Talking Capital LLC) and its wholly owned subsidiaries Talking Capital Partners II, LLC and Talking Capital Partners III, LLC. Moreover, there is no evidence that Reifler was acting within the scope of his authority on plaintiffs' behalf when he committed his wrongdoing such that his actions should be imputed to plaintiffs (see CompoSecure, L.L.C. v CardUX, LLC, 206 A3d 807, 823 [Del 2018] ["[T]he knowledge of an agent acting within the scope of her authority on behalf of the principal LLC is imputed to the LLC"]). Additionally, there is no evidence that Talking Capital LLC, the entity in existence at the time of defendants' wrongdoing in 2015, was Reifler's corporate vehicle as he was only one of three managers, and his LLC was only one of three members.
The defense of unclean hands also does not apply because Reifler's misconduct does not directly relate to this litigation, which involves a claim that the Omanoff Defendants misappropriated a corporate opportunity that belonged to plaintiffs (see Nakahara v NS 1991 Am. Trust, 718 A2d 518, 523 [Del Ch 1998] "for the [unclean hands] doctrine to apply . . ., the improper conduct must relate directly to the underlying litigation . . . [T]he inequitable conduct must have an immediate and necessary relation to the claims under which relief is [*2]sought" [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023

Footnotes

Footnote 1: The parties agree that Delaware law governs the issue of unclean hands (as a defense to plaintiffs' equitable claims, such as breach of fiduciary duty) because plaintiffs are Delaware entities.