Talking Capital Windup LLC v Omanoff (2024 NY Slip Op 06283)

Talking Capital Windup LLC v Omanoff

2024 NY Slip Op 06283

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 650973/17 Appeal No. 3243[M-5042] Case No. 2024-00131 

[*1]Talking Capital Windup LLC et al., Plaintiffs-Respondents,
v
Rodney Omanoff et al., Defendants-Appellants, Brendan Ross et al., Defendants.

Catafago Fini LLP, New York (Tom M. Fini of counsel), for appellants.
Bowles & Johnson, PLLC, New York (David K. Bowles of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered December 13, 2023, in favor of plaintiffs and against defendants Rodney Omanoff, Omanoff America Telecom, LLC, Contacts and Contracts Inc., and Omanoff America LLC, in the amount of $26,457,967 plus interest, unanimously reversed, on the law, with costs, the judgment vacated, and the matter remanded for further proceedings in accordance with this order.
"Plaintiff's standing to sue is governed by Delaware law, that being the State of the subject [limited liability company's] incorporation" (Matter of CPF Acquisition Co. v CPF Acquisition Co., 255 AD2d 200, 200 [1st Dept 1998]). Defendants' argument that former plaintiff Forefront Partners, LLC (Forefront) lacked standing to commence and pursue this action because it sought to assert derivative claims on behalf of inactive or canceled entities should not be considered by this Court because it is not purely legal in nature and was raised for the first time on appeal. Defendants' argument that Forefront lacked standing because it was not an adequate representative of the Talking Capital entities' interests insofar as it had no manager due to Bradley Reifler's bankruptcy should also not be considered for the same reason. Defendants' argument that Forefront lacked standing because it was not an adequate representative of the Talking Capital entities' interests due to its purported dishonesty, spoliation, and disloyalty is properly considered but unavailing (see generally Matter of Fuqua Indus., 752 A2d 126, 129-130 [Del Ch 1999]). Forefront was the only member who could have brought this derivative suit, as the other two members were controlled by persons alleged to have participated in the alleged wrongdoing. Forefront was an adequate plaintiff to represent what essentially amounted to its own interests.
The motion to amend to substitute the Talking Capital entities as plaintiffs should have been denied. At the time the motion was made, the Talking Capital entities and Forefront had all been canceled. Although their good tax status was subsequently restored, Bradley Reifler did not have the authority to revive them and direct their actions, having lost his managerial title under the terms of both the Forefront and Talking Capital operating agreements by filing for bankruptcy (see Favourite Ltd. v Cico, 181 AD3d 426, 426-27 [1st Dept 2020]). Although the bankruptcy court held that Reifler's managerial powers and responsibilities were not property that passed to the bankruptcy estate, it did not analyze the effect of the bankruptcy filing itself on Reifler's position as manager under the terms of the operating agreements (see In re Reifler, 2023 WL 5510233, *9, 2023 US Dist LEXIS 15972, *24-25 [SD NY Aug. 25, 2023]).
Reifler subsequently executed written consents purporting to amend the Forefront and Talking Capital operating agreements to allow him to continue as manager notwithstanding his bankruptcy. However, these consents [*2]are not valid. The operating agreements required that such amendments be authorized by all managers and Class A members (for Forefront) and all members (for Talking Capital). Reifler was no longer either a manager (because his bankruptcy terminated his managerial role under the terms of the operating agreements) or a member (because his membership interest was property that passed to his bankruptcy estate) of either entity (see id.). Nor did Forefront or Talking Capital have any other managers or members. As such, neither Reifler, nor anyone else apart from the bankruptcy trustee or his designees, had the authority to adopt the written consents on behalf of either Forefront or Talking Capital, and they were therefore without legal effect (see Favourite, 181 AD3d at 426-27; AGR Halifax Fund, Inc. v Fiscina, 743 A2d 1188, 1194-1195 [Del Ch 1999]). The written consents were also invalid because they were issued prior to the revival of Forefront and Talking Capital.
We note that the order on the motion to amend is properly reviewed because it is a nonfinal order that "necessarily affects the final judgment" insofar as it "necessarily removed [a] legal issue from the case" — i.e., the unclean hands defense with respect to Forefront — so that "there was no further opportunity during the litigation to raise the question decided by the prior non-final order" (Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-26 [2022]; see CPLR 5501[a][1]). Although the court subsequently considered the unclean hands defense, it was only as applied to Talking Capital, not Forefront (see Talking Capital Windup LLC v Omanoff, 217 AD3d 590 [1st Dept 2023]).
We also vacate the prior grant of summary judgment on liability in favor of Talking Capital as against defendants, because Talking Capital is no longer the proper plaintiff in this action based on our determination that the motion to amend should not have been granted. Defendants should be given the opportunity to litigate their unclean hands defense with respect to Forefront as opposed to Talking Capital. M-5042— Talking Capital Windup LLC v Omanoff
Motion to dismiss the appeal, withdrawn as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024