24-974-cv
*Zioness Movement, Inc. v. The Lawfare Project, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-five.

Present:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

―――――――――――――――――――――――――――――

ZIONESS MOVEMENT, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.                                                     No. 24-974-cv

THE LAWFARE PROJECT, INC.,

> *Defendant-Third-Party-Plaintiff-Appellee*,

> v.

AMANDA BERMAN,
> *Third-Party-Defendant-Appellant.*

―――――――――――――――――――――――――――――

1

For Plaintiff-Counter-Defendant-Appellant and Third-Party-Defendant-Appellant:

ROSANNE E. FELICELLO, (Kristie M. Blase, Michael J. Maloney, *on the brief*), Felicello Law P.C., New York, NY.

For Defendant-Third-Party-Plaintiff-Appellee:

AARON SOLOMON, (Darren Oved, *on the brief*), Oved & Oved LLP, New York, NY.

Appeal from a March 27, 2024 judgment and various post-trial orders of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Zioness Movement, Inc. ("ZMI") and its founder Amanda Berman (collectively, "Appellants") appeal from a jury verdict finding that ZMI and The Lawfare Project, Inc. ("LPI" or "Appellee") are co-owners of the ZIONESS trademark; the district court's order denying Appellants' post-trial motions to set aside the verdict or for a new trial; the district court's order limiting the monetary sanction for LPI's discovery abuses to $20,000; and the district court's order denying Appellants' motion for attorneys' fees under the Copyright Act, 17 U.S.C. § 505.

In August 2017, LPI, a nonprofit organization "whose primary mission is protecting Jewish peoples' civil rights," began a new initiative aiming to "combat anti-Zionist sentiment permeating the progressive political movement." Appellee's Br. at 5. In order to protect its conservative reputation and avoid offending its established donor base, LPI sought to create some distance between the new initiative and its own brand. Accordingly, LPI developed the Zioness

2

movement,[1] using its own funds for the creation of the ZIONESS trademark (the "Mark"), as well as a corresponding logo; purchasing a website domain and designing a website; creating merchandise bearing the Mark; and coordinating event appearances using the name "Zioness." Because LPI's founder and executive director, Emily Goldstein, was a well-known Jewish conservative, the Zioness movement was promoted as a new movement spearheaded by Berman, then LPI's Director of Legal Affairs.

Over the next few months, the distance between the Zioness movement and LPI grew. In November 2017, LPI ceased providing financial support to Zioness. In February 2018, Berman, while still employed at LPI, formalized the Zioness movement by forming the nonprofit entity, ZMI, which she incorporated using her own funds. In April 2018, ZMI applied to register "ZIONESS" as a trademark with the United States Patent and Trademark Office ("USPTO"). At the end of 2018, while the trademark application was pending, Berman left LPI to run ZMI full-time. And finally, on May 5, 2020, ZIONESS was registered as a trademark with ZMI listed as the sole owner.

In August 2020, LPI filed a petition with the USPTO, seeking to cancel the ZIONESS trademark. In response, ZMI filed this suit, asserting trademark infringement claims and seeking a declaratory judgment that ZMI is the sole owner of the Mark. LPI countersued, seeking a declaratory judgment that LPI owned the Mark and asserting copyright infringement claims against ZMI and Berman. After an eight-day trial, a jury found, *inter alia*, that both ZMI and LPI were owners of the ZIONESS Mark.

---

[1] We use the phrase "Zioness movement" to refer to the initial, pre-incorporation version of Zioness Movement, Inc.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

*           *           *

On appeal, ZMI primarily argues that the jury's verdict must be set aside because it is fundamentally incompatible with basic principles of trademark law. Relatedly, ZMI argues that the district court erred by denying its post-trial motions to set aside the verdict, for a new trial, and to amend the judgment. Additionally, Appellants argue that the district court erred by limiting the monetary sanction against LPI for its discovery abuses to $20,000. Finally, Appellants argue that the district court erred in finding that ZMI and Berman were not prevailing parties eligible for attorneys' fees under the Copyright Act, 17 U.S.C. § 505. We address each argument in turn.

## I.    Challenges to the Verdict

ZMI generally challenges the jury's verdict of co-ownership of the Mark in two ways. First, ZMI argues that the verdict "is at odds with the basic principles of trademark law and must be vacated." Appellants' Br. at 28. In its view, the touchstone of trademark law is consumer confusion, and joint ownership is disfavored because parties and customers are best served by exclusive ownership of a trademark by a single owner, especially where the possible co-owners are competitors. Second, ZMI argues that the verdict of co-ownership should be set aside because "[t]here was no evidence presented at trial that both Zioness Movement and LPI co-owned the trademark." Appellants' Br. at 28.

Before the district court, these challenges took various forms. At the close of evidence, ZMI moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), arguing that there was insufficient evidence introduced at trial to establish LPI's use or ownership of the

4

Mark. ZMI renewed that motion under Federal Rule of Civil Procedure 50(b) after the verdict was returned, arguing that there was insufficient trial evidence to support the verdict of co-ownership. ZMI additionally moved for a new trial under Federal Rule of Civil Procedure 59(a), arguing that various erroneous evidentiary rulings and jury instructions led the jury to a verdict inconsistent with trademark law. Finally, ZMI moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that the verdict of co-ownership was "both inconsistent and legally unsupportable." Appellants' Br. at 43.

Appellants now appeal the district court's denial of each of these motions.

A. Rule 50 Motions

The district court denied ZMI's Rule 50 motions, explaining that there was ample evidence to support a verdict of co-ownership, including, *inter alia*, the resources expended by LPI in developing the Mark, Goldstein's role in developing messaging for the Zioness movement, and Berman's role in incorporating ZMI and filing the USPTO application. Yet, ZMI maintains on appeal that "[t]here was no evidence presented at trial that both Zioness Movement and LPI co-owned the trademark," since co-ownership was "a result that neither party sought and neither party argued for." Appellants' Br. at 28. We disagree.

"We review a district court's denial of a motion for judgment as a matter of law *de novo*." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Here, the district court correctly held that there was sufficient evidence to support the jury's verdict that both ZMI and LPI own the ZIONESS trademark. As described above, the evidence showed that LPI spearheaded the creation of the Mark, including paying for its initial design and development, but Berman and ZMI eventually took control of the Mark and registered it with the USPTO.

5

Complicating the record, much of this transition took place while Berman was running ZMI but still employed full-time by LPI. In short, there was sufficient evidence at trial to support a verdict of joint ownership. Because the jury's verdict was not "the result of sheer surmise and conjecture," or otherwise improper, we affirm the district court's denial of ZMI's Rule 50 motions. *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 180 (2d Cir. 2016) (quoting *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 197 (2d Cir. 2014)).

### B. Rule 59 Motions

ZMI's arguments in support of its Rule 59 motions, both below and on appeal, rely on its contention that the jury's verdict of co-ownership was contrary to fundamental principles of trademark law.

As a preliminary matter, this argument has been waived. First, ZMI failed to timely object to the verdict sheet, which explicitly contemplated a potential verdict of co-ownership. *See* App'x at 2478 (question 1 on the verdict sheet asked, "Who owns the ZIONESS trademark?" and provided three potential answers: ZMI, LPI, or "[b]oth"); *see also* App'x at 3557 (at the charge conference, ZMI's counsel stated that "[a]t this time, the plaintiff doesn't have any comments to the verdict sheet"). "Failure to object to a jury instruction . . . prior to the jury retiring results in a waiver of that objection." *Lavoie v. Pac. Press & Shear Co.*, 975 F.2d 48, 55 (2d Cir. 1992). Once waived, this Court may review jury instructions and verdict sheets only for "fundamental" error. *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002). Second, ZMI failed to object to the jury's verdict of co-ownership before the jury was excused. "It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir.

6

2006).

ZMI cannot establish the "fundamental error" required to reverse after its waiver of any objection to the verdict form permitting a finding of co-ownership. *Jarvis*, 283 F.3d at 62. "An error is fundamental under this standard only if it is so serious and flagrant that it goes to the very integrity of the trial." *Shade v. Housing Auth. of City of New Haven*, 251 F.3d 307, 313 (2d Cir. 2001) (internal quotation marks omitted). There is no fundamental error because, as ZMI itself acknowledges in its reply brief, "co-ownership can exist" in trademark law. Reply Br. at 4. Consistent with the availability of co-ownership, the Lanham Act itself provides that "[c]oncurrent registrations may . . . be issued . . . when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce." 15 U.S.C. § 1052(d); *see also* App'x at 3905–06 ("[C]o-ownership can exist from the very, very beginning . . . indeed the Lanham Act has a specific procedure for concurrent use of a trademark registration" (citing § 1052(d))). There is therefore nothing inherently improper—much less flagrant—about the jury's conclusion, as invited by the verdict form, that both ZMI and LPI own the Mark.

On appeal, ZMI further argues that the district court should have granted its motion for a new trial under Rule 59(a) because its "refusal to instruct the jury" on certain legal principles led to an improper verdict of co-ownership. Appellants' Br. at 35. "A trial court should not grant a motion for a new trial unless it is convinced that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (internal quotation marks omitted and alterations adopted). "We review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion." *Id.* We discern no such abuse of discretion or miscarriage of justice here.

7

As for ZMI's Rule 59(e) motion, a district court may grant such a motion only where the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). Contrary to its arguments, ZMI has not demonstrated any clear error or manifest injustice related to the jury's verdict which would warrant altering or amending the judgment.

We therefore affirm the district court's denial of ZMI's Rule 59 motions.

## II.    Discovery Sanction

During discovery, the district court found that ZMI was entitled to sanctions for LPI's delayed production of certain witnesses and records. These monetary sanctions were to equal "one-half of [ZMI's] expenses incurred in the period of LPI's discovery delays." App'x at 1730. After trial, however, the district court found that ZMI's claim of $70,290 in expenses attributable to LPI's discovery abuse was "not credible." *Id.* at 4661. Accordingly, in the absence of proof of ZMI's expenses, the district court exercised its discretion to limit the sanction to $20,000.

On appeal, ZMI argues that the district court erred by limiting the monetary sanctions to $20,000. We disagree.

"We review 'all aspects of a District Court's decision to impose sanctions for abuse of discretion.'" *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010) (quoting *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000)). "The question, of course, is not whether this Court . . . would as an original matter have [applied the sanction]; it is whether the District Court abused its discretion in so doing." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (per curiam).

8

ZMI insists that the district court "provided no reason for [its] decision to ignore [its] prior determination" to award ZMI half of its expenses incurred in the period of LPI's discovery delays, and to award $20,000 instead. Appellants' Reply Br. at 21. In fact, the district court's ultimate award was based on its judgment that ZMI's claimed expenses were not believable—in part, because ZMI appeared to have inflated its billing rate from a prior submission in order to justify its request for a higher sanction award. ZMI has not identified any abuse of discretion in the district court's assessment, and we discern none. We therefore affirm the district court's discovery sanction award of $20,000.

## III. Attorneys' Fees

ZMI and Berman also challenge the district court's decision to deny them attorneys' fees under Section 505 of the Copyright Act. That provision states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

"A prevailing party in a fee-shifting statute is one who has favorably effected a material alteration of the legal relationship of the parties by court order." *Manhattan Rev. LLC v. Yun*, 919 F.3d 149, 152 (2d Cir. 2019) (per curiam) (internal quotation marks omitted); *see also Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003). Once a court has determined which is the prevailing party in a copyright case, it may exercise its discretion in determining whether to award attorneys' fees. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). The Supreme

9

Court has explained that, while "[t]here is no precise rule or formula for making [attorneys' fees] determinations," courts should use "equitable discretion" and consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 & n.19 (internal quotation marks omitted). These nonexclusive factors have become known as the *Fogerty* factors.

"The standard of review of an award of attorney's fees is highly deferential to the district court." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (internal quotation marks omitted). "Attorney's fees must be reasonable in terms of the circumstances of the particular case, and the district court's determination will be reversed on appeal only for an abuse of discretion." *Id.* However, "[a] district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law," *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000), and "[w]hether a litigant qualifies as a 'prevailing party' constitutes a question of law warranting *de novo* review," *Manhattan Rev. LLC*, 919 F.3d at 152.

Although LPI dismissed its copyright claims with prejudice before trial, the district court nonetheless denied Appellants' motion for attorneys' fees based on its assessment that ZMI "was not the prevailing party on the issues of this case: who, between LPI and ZMI, owned the trademark Zioness, and who infringed." App'x at 4661. The district court further concluded that Berman "was dropped from the case before trial" and therefore "was not . . . the prevailing party." *Id.* Based on these findings, the district court found that Appellants were not eligible to recover fees under § 505.

Appellants argue that the district court erred in its prevailing party analysis. In their view,

10

LPI's voluntary dismissal of its copyright claims with prejudice resulted in "a material alteration of the legal relationship of the parties," *Manhattan Rev. LLC*, 919 F.3d at 152–53 (internal quotation marks omitted), and therefore rendered ZMI and Berman the prevailing parties. Appellants additionally argue that the *Fogerty* factors weigh in favor of awarding them attorneys' fees because LPI's copyright claims were frivolous and asserted in bad faith.

LPI argues that Appellants were not prevailing parties under the Copyright Act because LPI "did not *lose* on its copyright infringement claim," but rather voluntarily withdrew the claim in order "to streamline the issues at trial." Appellee's Br. at 53 (emphasis in original). Moreover, LPI insists that its "copyright infringement claims were objectively reasonable"— noting that they survived a motion to dismiss—and therefore would not have warranted an award of fees under the *Fogerty* factors. *Id.* at 55. We disagree.

In the context of the prevailing party analysis, we have held that a plaintiff's "voluntary dismissal of an action with prejudice works" a material alteration of the legal relationship of the parties "because it constitutes an adjudication on the merits for purposes of *res judicata*, and any action so dismissed could not be brought again." *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014) (internal quotation marks and citation omitted); *see also Penshurst Trading Inc. v. Zodax L.P.*, 652 F. App'x 10, 11 (2d Cir. 2016) ("Zodax was the prevailing party in light of Penshurst's voluntary dismissal of this action with prejudice."). In other words, because LPI voluntarily dismissed its copyright claims with prejudice, ZMI and Berman were the prevailing parties and were therefore eligible for attorneys' fees under § 505.

Because the district court's denial of fees appears to be based on its erroneous conclusion that ZMI and Berman were not prevailing parties under the Copyright Act, the denial constituted

11

an abuse of discretion. *See Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) ("[A] district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law, or on a clearly erroneous assessment of the evidence." (internal quotation marks and citations omitted)).

We therefore vacate the district court's order denying attorneys' fees under the Copyright Act and remand for the district court to consider in the first instance whether a fee award is appropriate under *Fogerty*.

\*                    \*                    \*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part and **VACATE** and **REMAND** in part the judgment of the district court.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court